JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Satish Dat Beast, | **CASE NUMBER** |
| **PLAINTIFF(S)**<br>v. | 2:26-cv-04546-FMO-DMK |
| Sabrina Carpenter, et al., | **ORDER ON REQUEST TO PROCEED**<br>***IN FORMA PAUPERIS***<br>**(NON-PRISONER CASE)** |
| **DEFENDANT(S)** | |

The Court has reviewed the Request to Proceed *In Forma Pauperis* (the "Request") and the documents submitted with it. On the question of indigency, the Court finds that the party who filed the Request:

☒ is not able to pay the filing fees.    ☐ is able to pay the filing fees.

☐ has not submitted enough information for the Court to tell if the filer is able to pay the filing fees. This is what is missing:

**IT IS THEREFORE ORDERED** that:

☐ The Request is GRANTED.

☐ Ruling on the Request is POSTPONED for 30 days so that the filer may provide additional information.

☐ The Request is DENIED because the filer has the ability to pay.

☒ As explained in the attached statement, the Request is DENIED because:

    ☐ The District Court lacks ☐ subject matter jurisdiction ☐ removal jurisdiction.

    ☒ The action is frivolous or malicious.

    ☐ The action fails to state a claim upon which relief may be granted.

    ☐ The action seeks monetary relief against defendant(s) immune from such relief.

**IT IS FURTHER ORDERED** that:

☐ Within 30 days of the date of this Order, the filer must do the following:

If the filer does not comply with these instructions within 30 days, this case will be DISMISSED without prejudice.

☒ As explained in the attached statement, because it is absolutely clear that the deficiencies in the complaint cannot be cured by amendment, this case is hereby DISMISSED ☐ WITHOUT PREJUDICE ☒ WITH PREJUDICE.

☐ This case is REMANDED to state court as explained in the attached statement.

| | |
|---|---|
| May 8, 2026 | /s/ Fernando M. Olguin |
| Date | United States District Judge |

CV-73 (07/22)              ORDER ON REQUEST TO PROCEED *IN FORMA PAUPERIS* (NON-PRISONER CASE)

On April 9, 2026, Plaintiff filed a Complaint and a Request to Proceed In Forma Pauperis.  (Dkts. 1, 2.)  Plaintiff brings this suit because certain recording artists allegedly "are committing defamation (libel and slander) and/or the dignitary tort of the invasion of privacy by talking about President Donald John [T]rump in a negative manner which could be perceived as violation of the Alien and Sedition Acts."  (Dkt. at 3.)  Plaintiff also alleges that the Grammy Awards "have become a public nuisance" and are "committing industrial espionage" with television networks through their programming selections.  (Id.)  Plaintiff seeks, among other things, an order precluding Defendants from advertising to him on cable television broadcasts.  (Id. at 4.)

Plaintiff often uses the name Ronald Satish Emrit.  (Dkt. 1 at 4.)  See also Satish Dat Beast v. Snoop Doggy Dogg, et al., Case 2:26-cv-00286-MWF-JDE (C.D. Cal.).  "Plaintiff is a prolific litigant known for filing frivolous complaints."  Emrit v. United States Patent and Trademark Office, 2025 WL 2783752, at *1 (D. N.J. Sept. 30, 2025) (noting that Plaintiff has filed more than 500 lawsuits throughout the country); see also Emrit v. U.S. Patent and Trademark Office, 2025 WL 2644697, at *2 (D. Alaska Sept. 15, 2025) ("Plaintiff is a serial filer who has been deemed a 'vexatious litigant' in at least six district courts, and the Ninth Circuit has entered a pre-filing review order against Plaintiff.").

Because Plaintiff seeks to proceed in forma pauperis, the Court has reviewed the Complaint to determine whether the action is frivolous or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  The Complaint is dismissed without leave to amend.

The Complaint is factually frivolous.  When read together, Plaintiff's allegations are "clearly baseless," "fanciful," and "delusional."  Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).  In that circumstance, the Court may "pierce the veil of the complaint's factual allegations" and "is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations."  Id. at 32; see also Bator v. State of Hawai'i, 39 F.3d 1021, 1026 (9th Cir 1994) ("Denton is an exception to the general rule that a district court must accept factual allegations as true.").  Here, "a finding of factual frivolousness is appropriate [because] the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them."  Denton, 504 U.S. at 33.

Finally, because this action is frivolous, leave to amend is not warranted.  See Lopez v. Smith, 203 F.3d 1122, 1127 n.8 (9th Cir. 2000) (en banc) ("When a case may be classified as frivolous or malicious, there is, by definition, no merit to the underlying action and so no reason to grant leave to amend."), overruled on other ground as recognized by Moore v. Dunlap, 2026 WL 184223, at *1 (9th Cir. 2026).  Thus, the Complaint is dismissed without leave to amend, and the action is dismissed with prejudice.

*(attach additional pages if necessary)*